FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 OCT -2 AM 9:53

U.S. DISTRICT COURT
N.D. OF ALABAMA

SINDA BABB,            )
                       )
    Plaintiff,         )
                       )
    vs.                )    97-CV-1173-M
                       )
CITY OF ARAB, LAVON GARRETT )
AND JOHNNY H. HART,    )
                       )   **ENTERED**
                       )
                       )   OCT - 2 1997
    Defendants.        )

## MEMORANDUM OPINION

### I. BACKGROUND

Sinda Babb was employed as a court clerk and magistrate by the City of Arab, in the State of Alabama. She alleges that her direct supervisor, Lavon Garrett, subjected her to severe hostility of a sexual nature both at and outside the workplace. Babb claims that the City, aware of this conduct, took no remedial action and that defendant City's acts and omissions created a hostile environment and quid pro quo sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. In addition, plaintiff pleads state tort claims of outrage and assault and battery against defendant Garrett, invasion of privacy

1

against all three defendants and negligent and/or malicious supervision, retention and training against the City and Mayor Hart.

Babb filed this lawsuit May 12, 1997 pursuant to the statutory requirements found in 28 U.S.C. §§1331, 1343(3), 1343(4), Title VII of The Civil Rights Act of 1964 and 42 U.S.C. 2000e, et seq., the Civil Rights Act of 1991. Each of the three defendants has filed a motion to dismiss.

## II. CONTENTIONS OF THE PARTIES

### A. Contentions of Defendant Lavon Garrett

Garrett maintains that there are no federal claims in the complaint against him and that the only claims alleged by Babb against him are state claims and that the court should decline to exercise supplemental jurisdiction over the state claims. Garrett contends that the trial of the state claims would engender confusion for a jury and that the state claims would predominate over the federal employment discrimination claims. He further argues that concerns for judicial economy advise the state claims be tried separately by a court of general jurisdiction.

B.  **Contentions of Defendants City of Arab and Johnny Hart**

Defendant Hart contends that he cannot be sued, as an individual, for alleged violations of Title VII. Title VII suits are due to be filed against the employer, not individual employees. The City of Arab and not Mayor Hart is Babb's employer. Plaintiff concedes that the Title VII action does not name Hart as an individual defendant and that any action under Title VII against Hart, as an individual, is due to be dismissed.

Defendant Hart contends he has immunity for acts within the scope of his authority. The Mayor is being sued directly for his ratification of Garrett's invasion of Babb's privacy as well as the negligent/malicious supervision claim. Hart contends that any conduct of his related to these claims fell within his authority as Mayor. He contends that any alleged unlawful acts or omissions occurred while he was engaged in a discretionary function and that he is therefore immune from suit.

Defendant City contends all of Babb's state causes of action should be dismissed for failure to comply with the state notification requirements for filing a tort suit against a municipality. The Alabama Code requires potential plaintiffs, intending to seek recovery in a tort action, to file a sworn statement with the clerk within six months from the accrual of

the claim. Proof of compliance with these requirements is a condition precedent to recovery in a subsequent law suit. Nowhere in her complaint does plaintiff allege compliance with these notice requirements. Therefore, the City argues, all state law causes of action are due to be dismissed.

Furthermore, the City contends that claims alleging outrage, invasion of privacy, malicious supervision, retention and training and assault and battery should be dismissed because the City is immune from liability for the intentional torts of its agents. A municipality can only be liable based on the neglect, carelessness, or unskillfulness of some agent, officer or employee while acting in the line of his duty. The defendant City contends, therefore, that no cause of action exists against the City for the outrage, invasion of privacy or assault and battery claims pleaded against employee/agent Garrett.

C.   **Plaintiff Babb's Contentions**

Babb responds to Garrett's motion to dismiss by arguing that her federal claim is well-pleaded. She argues that according to the standard of review for dismissal for failure to state a claim, her claim meets the "exceedingly low" threshold. Viewing the facts in a light most favorable to the non-movant, she maintains she has submitted a short and plain statement stating

the grounds of jurisdiction and that she is entitled to relief. With regard to the state claims, Babb details the factual allegations that support her claim on each of the three state causes of action.

In response to Garrett's argument that the assertion of supplemental jurisdiction for Babb's state claims would be error, she contends that the state and federal claims are sufficiently related. The factors counseling a district court to decline jurisdiction are not met. 28 U.S.C. §1367(c). There are no novel or complex issues of state law being introduced. Each of the state claims are well-settled areas of state law, often heard in conjunction with federal discrimination cases. Judicial efficiency would be best served by adjudicating all of the claims and issues manifested by the same set of facts.

As for Mayor Hart's contentions, Babb asserts that she has made no claim under Title VII against Mayor Hart individually.

Moreover, Plaintiff argues, Hart's reliance on qualified immunity as grounds for his dismissal fails as the doctrine will not shield him from liability for acts that are willful, malicious or in bad faith. Each of the claims alleged against Hart involve levels of culpability at or exceeding willfulness.

5

Babb contends that Mayor Hart's supervision of Garrett constituted malicious and willful behavior and that when Hart acquired actual knowledge of Garrett's unlawful conduct towards both her and other female employees, Hart did nothing to remedy the situation.

Hart responds by pointing out the dearth of facts cited to substantiate an averment of malice or willfulness. He also points to Babb's concession in her opposition brief that she seeks liability against the City only for negligence, unskillfulness and carelessness. If the Mayor is not alleged to have committed more egregious conduct than the City then his immunity should remain intact. If Babb claims that Hart acted with malice or willfulness, then the City cannot have liability imputed to it for the intentional torts of the Mayor.

In response to the City's argument that Babb failed to comply with state notification statutes, Ala. Code §§ 11-47-192 and 11-47-23, she argues that she has "substantially complied" by filing the EEOC Charge. Babb contends that substantial compliance is the proper rule of construction in Alabama. More importantly, the purpose of the statute is served by filing the EEOC charge. The Notice of Charge of Discrimination for the EEOC went directly to the Director of Human Resources for the City.

6

The City responded to the EEOC within six months after the most recent violation with its position statement. Since the EEOC charge placed the City on notice of her claims, dismissal would not be appropriate.[1]

Defendant City argues that even if substantial compliance is the rule of the day, Babb did not satisfy it. The EEOC Charge notification does not "substantially comply" with the statutory requirements.

While the City argues it may not be held liable for the intentional torts of its employees, Babb contends that the claims against the City are based on proof of neglect, carelessness, or unskillfulness. Ala. Code § 11-47-190. She does not seek to maintain a claim against the City for the intentional torts of any of its employees or agents.

### III. ANALYSIS

In reviewing the sufficiency of the complaint, before the receipt of any evidence, the allegations of the complaint are to be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). The test is not

---

[1] Babb also states that the statutory requirements in sections 192 and 23 do not apply to individual defendants such as Mayor Hart.

whether it appears on the face of the pleadings that recovery is remote and highly unlikely. Id. Rather, the court should assess whether the claimant is entitled to offer evidence to support the claims. Id.

**A.   Garrett's Motion to Dismiss**

To the extent that plaintiff purports to state a Title VII claim against defendant Garrett, it will be dismissed for the same reason that plaintiff acknowledges that she cannot maintain a Title VII claim against defendant Hart, individually.

1.   Title VII Claim Against the City of Arab

Babb claims a cause of action based on hostile environment sexual harassment, quid pro quo sexual harassment and retaliation. First, Babb states a claim for hostile environment. She alleges in her complaint that she was sexually harassed on numerous occasions by her supervisor, Lavon Garrett. She claims to have informed her direct supervisor, Garrett, that these words and actions were unwelcome. In addition, she notified the defendant City and Mayor Hart of Garrett's conduct toward her as well as other female employees. Plaintiff's Complaint at ¶¶ 12, 13, 15, 16. She alleges that the defendants, with actual knowledge of the harassment, failed to take remedial action. Complaint ¶¶ 17, 20. Plaintiff states a cause of action for a

8

hostile work environment claim.

Second, Babb alleges facts to support her quid pro quo harassment claim. Quid pro quo harassment occurs "when an employer changes an employee's condition of employment because of her refusal to submit to sexual demands." <u>Virgo v. Riviera Beach Assocs., Ltd.</u>, 30 F.3d 1350, 1362 (11th Cir. 1994). Babb avers that Garrett said he was authorized to affect the conditions of her employment and that her silence and cooperation with his sexual behavior was essential to successful employment with the City. Complaint ¶ 21. Garrett allegedly threatened the women under his supervision, including Babb, with retaliation if they did not comply with his demands for sexual favors. Complaint ¶ 13. Plaintiff has met her burden for stating a claim.

Third, Babb alleges facts sufficient to state a claim for retaliation. A prima facie case of retaliation requires a showing that, 1) that she engaged in statutorily protected activity, 2) that an adverse employment action occurred, and 3) that the adverse action was causally related to the plaintiff's protected activities. <u>Coutu v. Martin County Bd. Of Comm'rs.</u>, 47 F.3d 1068, 1074 (11th Cir. 1994). Babb complains that once she notified the City and the Mayor of Garrett's unlawful actions, Garrett subjected her to further harassment. Complaint ¶ 22. She

9

also claims that Garrett subjected her to threats of retaliation. Complaint ¶¶ 13, 21. The court will deny the motion on this issue at this stage. The parties should further research whether there can be "adverse employment action" without some tangible change in job benefits, etc. The court recalls that one of the Wu cases (996 F.2d 271 (11th Cir. 1993)) may have addressed this issue. Further briefs should be filed within 10 days. If the alleged retaliation was simply more harassment, what is the realistic difference between the retaliation claim and the harassment claim? In addition to the Wu case, however, see Goldsmith v. City of Atmore, 996 F.2d 1155 (11th Cir. 1993).

   2.   Assault and Battery

Based on the facts alleged in her complaint, Babb states a claim of assault and battery. According to the Alabama Supreme Court, assault "consists of an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." Wright v. Wright, 654 So.2d 542, 544 (Ala. 1995); See also Holcombe v. Whitaker, 294 Ala. 430, 435, 318 So.2d 289, 294 (1975). The Court has defined "assault and battery" as "[a]ny touching by one person of the person of another in rudeness or

10

anger." <u>Whitlow v. Bruno's, Inc.</u>, 567 So.2d 1235, 1239 (Ala. 1990). Babb alleges a set of facts and circumstances that satisfy both the standard for assault and battery. She claims Garrett purposefully subjected her to severe hostility of a sexual nature. He allegedly made offensive verbal remarks of a sexual nature, made intrusive and degrading personal remarks related to sex and leered at Babb. She also alleges Garrett touched her, knowing it was not welcome. Although words standing alone cannot constitute an assault, they may give meaning to an act. <u>Id</u>. When both are taken together they may create the well-founded fear of a battery in the mind of the person at whom they are directed, thereby constituting an assault. <u>Id</u>. The combination of offensive verbal remarks along with the unwelcome touching, states a claim of assault and battery.

    3.   Outrage

The state tort claim for outrage requires a level of inappropriate behavior that far exceeds anything tolerable in a civilized society. In <u>American Road Service Co. v. Inmon</u>, 394 So.2d 361, 365 (Ala. 1980), the Supreme Court of Alabama described the essential elements of a claim for outrage: 1) the defendant's conduct was intentional or reckless; 2) it was extreme and outrageous; and 3) it caused emotional distress so

severe that no reasonable person could be expected to endure it. "Extreme" behavior must go beyond all possible bounds of decency. Id. At this point, the facts alleged by Babb might not be sufficient to survive a burden of proof more stringent than that applied to a motion to dismiss for failure to state a claim. The court is not yet aware of the extent of the unwelcome touching, nor is it informed as to the content of the sexual remarks. From the facts before the court, there may not be evidence of conduct that rises to the level required for proof of outrage. However, that question is not presently before the court. Babb has stated sufficient allegations to survive a motion to dismiss.

   4.   Invasion of Privacy

Babb states a claim for invasion of privacy. The type of invasion of privacy the plaintiff alleges is conduct which constitutes an intrusion "upon the plaintiff's physical solitude or seclusion." Cates v. Taylor, 428 So.2d 637, 639 (Ala. 1983). The Alabama Supreme Court adopted the Restatement (Second) of Torts definition, "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Phillips v. Smalley Maintenance Serv., 435 So.2d 705, 709 (Ala. 1983). The conduct

must be such that would cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. <u>Logan v. Sears Roebuck & Co.</u>, 466 So.2d 121, 124 (Ala. 1985). Verbal sexual harassment falls within this definition if it is frequent and severe. When allegations of such verbal intrusions are accompanied by physical intrusion, the elements necessary to state a claim are satisfied. The plaintiff has alleged sufficient facts to state a claim for invasion of privacy.

    5.   **The Court Exercises Supplemental Jurisdiction Over the State Claims**

United States District Courts have supplemental jurisdiction, according to 28 U.S.C. § 1367(a), over any claims so related to claims over which the District Court has original jurisdiction such that they form part of the same case or controversy under Article III. The Judicial Improvements Act of 1990, Pub.L. No. 101-650, 104 Stat. 5089, virtually mandates the exercise of supplemental jurisdiction in the absence of a special exception found in § 1367(c). <u>Wiggins v. Phillip Morris, Inc.</u>, 853 F.Supp. 458, 469 (D.D.C. 1994). These exceptions are: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original

jurisdiction; and 4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c)(1993).

In the case under consideration, none of these exceptions apply. The state claims are neither novel nor complex. Outrage, invasion of privacy and assault and battery claims are well-established and familiar to the court. The state claims do not overshadow the underlying federal employment discrimination claim. The court maintains original jurisdiction over the Title VII claims. The court finds no compelling reasons to decline jurisdiction over the state claims and create piecemeal litigation.

**B.   Hart's Motion to Dismiss for Qualified Immunity**

Babb asserts that Mayor Hart cannot avail himself of the qualified immunity defense for his conduct because it is alleged that he acted willfully and maliciously. A state officer or employee is entitled to substantive immunity when he has acted negligently while performing a statutory duty as long as he has not exceeded his authority. Taylor v. Shoemaker, 605 So.2d 828, 830 (Ala. 1992). Immunity also attaches when the employee commits a tort while engaged in the exercise of a discretionary function. Id. (quoting Sellers v. Thompson, 452 So.2d 460 (Ala.

14

1984)).

Babb alleges, however, that Hart's acts and omissions were made with malice. Complaint at ¶23. She claims his failure to act once he had actual knowledge of the numerous instances of sexual harassment amounts to reckless disregard of her federally-protected rights. Id. The complaint also avers Hart's failure to terminate, adequately supervise, and train Garrett was done with malice as well. Complaint at ¶¶ 33-35. Hart's actions with regard to handling the Garrett situation were discretionary. Ex Parte Purvis and Ex parte Scott v. Mobile County, 689 So.2d 794 (Ala. 1996) may suggest a question about the "willfully, maliciously, illegally, fraudulently and in bad faith" exception to discretionary immunity. Also see Tinney v. Shores 77 F.3d 378 (11th Cir. 1996). These cases, however, appear to apply only to officers covered by Art. I, § 14 of the Alabama Constitution of 1901. See, however, the discussion in Caldwell v. Brogden, 678 So.2d 1148, 1151 (Ct. Civ. App. Ala. 1996), where the court discusses qualified immunity in the federal context and suggests that subjective intent is not significant but that whether the law is clearly established is the measure. Cf. Lassiter v. Alabama A&M, 28 F.3d 1146 (11th Cir. 1994). The court will assume, for the time being, that there is an exception to the discretionary immunity defense in the case of willfulness etc. of

15

a City officer.  The parties may file supplemental briefs on this issue within 10 days.

**C. City of Arab's Motion to Dismiss for Failure to Notify**

The City moves the court to dismiss all state claims against it because Babb failed to comply with Alabama's municipal notification statutes.  Read together, Sections 11-47-192 and 11-47-23 of the Alabama Code require a potential plaintiff to notify a city or municipality defendant of its intention to seek recovery for an injury suffered at the hands of that municipality within six months of the day of accrual. Ala. Code §§ 11-47-190 and 11-47-23.[2]  These presentment requirements seek to place the municipality on notice of pending claims in order to give them the chance to investigate and determine the merits of the claim. City of Anniston v. Rosser, 275 Ala. 659, 662 (citing Smith v. City of Birmingham, 243 Ala. 124).  They allow for the adjustment of claims without the expense of litigation if the circumstances

---

[2] Ala. Code §11-47-192 states:
   No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and the time and the place where the accident occurred and the damages claimed.

Ala. Code §11-47-23 states:
   Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

warrant. Id. (citing Cole v. City of Birmingham, 243 Ala. 561). The court's interpretation of Alabama law in this area is that this requirement is to be construed liberally. Diermet v. City of Mobile, 474 So.2d 663, 666 (Ala. 1985). In Diermet, the Alabama Supreme Court erased the "sworn statement" requirement and concluded, "strict compliance is no longer required" in the interpretation of §§ 11-47-23 and -192. Id. As long as suit was filed within six months of accrual, the statutes were satisfied. Id. The Supreme Court lowered the standard to "some presentment of the claim within six months of its accrual is mandatory." Frazier v. City of Mobile, 577 So.2d 439, 440 (Ala. 1991) (citing Ivory v. Fitzpatrick, 445 So.2d 262 (Ala. 1984) See also Hill v. City of Huntsville, 590 So.2d 876 (Ala. 1991). Therefore, the court looks to the purpose of the statute when assessing the meaning of "some presentment."

Babb has satisfied the presentment requirement. She filed her Charge of Discrimination with the EEOC on or about July 18, 1996. The Form alleges particulars that included claims of sexual harassment, sex discrimination and retaliation at the hands of her supervisor, Lavon Garrett, from June 1993 to May 1996. The Notice of Charge of Discrimination was sent to the City on August 6, 1996. On September 19, 1996, the City submitted its position statement. The documents the City

17

received and its response demonstrates that it was sufficiently "presented" with Babb's claims. At that point, the City was aware of the nature of the injury, the party injured, the time period, location and who was allegedly responsible. The purpose of the statute was accomplished. Dismissal on grounds of failure to comply with Alabama's notification statutes will be denied.

The plaintiff concedes that her tort claims against the City involve only the proof of neglect, carelessness or unskillfulness. Ala. Code § 11-47-190. The City cannot be held liable for the intentional torts of its employees. The outrage claims and the assault and battery claims necessarily involve intent in the context of this case. Those claims will be dismissed against the City. Further factual development may reveal that other state law claims should likewise be dismissed.

This 2nd day of October, 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

18